UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL MARSCELLAS, et al.,<br>　　　　Plaintiffs,<br>　v.<br>WELLS FARGO BANK, N.A., et al.,<br>　　　　Defendants. | Case No. 13-cv-05806-BLF<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR RELIEF AND VACATING THE VOLUNTARY DISMISSAL OF THIS ACTION** |

Plaintiffs bring an ex parte application for relief and ask this Court to vacate a voluntary dismissal filed in the above-captioned case. Plaintiffs allege in their ex parte application that the voluntary dismissal was filed on July 29, 2014 without their consent by a company called Eviction Defense Group ("EDG"), in retaliation for a dispute between Plaintiffs and EDG. *See* ECF 39 at 3 (alleging that EDG's owner left Plaintiffs a cell phone message threatening to file a voluntary dismissal of this action if Plaintiffs did not remove negative online reviews they had written regarding the company). Plaintiffs further allege that they did not sign the dismissal, and that the signatures on the dismissal were lifted from a prior document Plaintiffs had provided to EDG. *Id.* at 4. Plaintiffs claim that due to the voluntary dismissal they are "facing the immediate eviction from their home of 25 years." ECF 38 at 1.

Defendants oppose the ex parte application, arguing that Plaintiffs waited nearly a month following the filing of the voluntary dismissal to bring their application for relief, and have not adequately explained why this matter constitutes an emergency warranting ex parte relief. *See* ECF 44 at 2.

An ex parte application must satisfy two conditions in order for the Court to grant it: first, that the moving party's cause will be "irreparably prejudiced if the underlying motion is heard

according to regular noticed motion procedures," *Caldwell v. Wells Fargo Bank, N.A.*, 2013 WL 3789808, at *3 (N.D. Cal. July 16, 2013), and second, that "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). This Court ultimately finds that both conditions are met here, and GRANTS Plaintiffs' ex parte application.

As to the first condition, Plaintiffs will be irreparably prejudiced if their motion is heard pursuant to normal noticed motion procedures. Plaintiffs allege that they are facing eviction from their home and that they fear that Defendants are "moving forward with the eviction of the Plaintiffs from their home." ECF 39 at 4. The threat of eviction, and the quickness with which an unlawful detainer action can result in individuals being removed from their home, strongly supports a finding of irreparable prejudice.

As to the second condition, Plaintiffs have met their burden to show that they are not at fault in creating this crisis. Plaintiffs argue that the voluntary dismissal was not "requested or authorized" by them, *id.* at 5, and allege that a third-party, EDG, without Plaintiffs consent, used their signatures (obtained from another document)[1] to file the voluntary dismissal. These are serious allegations that call into question the validity of the dismissal filed with the Court.

Defendants' argument – that Plaintiffs' delay of nearly a month in filing for ex parte review shows that no genuine emergency exists here – is unpersuasive to the Court. Plaintiffs are proceeding in this action pro se. Their ex parte application indicates that they have attempted in the month following the filing of the voluntary dismissal to determine the facts behind why the dismissal was filed though they had never before seen the document, *see id.* at 3-4, and have contacted various criminal authorities regarding this incident. *Id.* at 4.

The Court thus finds that both conditions for granting an ex parte application are met here. As such, the Court GRANTS Plaintiffs' application. The voluntary dismissal of this action, filed at

---

[1] After reviewing of the signatures on the voluntary dismissal, ECF 37 at 2, and the document from which Plaintiffs allege the signatures were lifted, ECF 40 at 5, the Court notes that the signatures look remarkably similar, if not identical, lending credence to Plaintiffs' allegations.

ECF 37, is hereby VACATED. The Court will instruct the parties in a further Order to appear for a case management conference regarding this matter. Physical appearance will be required for this case management conference – the Court will not permit telephonic appearances.

**IT IS SO ORDERED.**

Dated: September 17, 2014

_____
BETH LABSON FREEMAN
United States District Judge