UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARL MARSCELLAS, et al.,<br>Plaintiffs,<br>v.<br>WELLS FARGO BANK, N.A., et al.,<br>Defendants. | Case No. 13-cv-05806-BLF<br><br>**ORDER DISMISSING CASE WITH PREJUDICE UNDER FED. R. CIV. P. 41(B)**<br><br>[Re: ECF 58, 59] |

Plaintiffs filed this action, alleging wrongful foreclosure and other claims arising out of a foreclosure sale of Plaintiffs' residence. Plaintiffs have not filed any documents or complied with Court orders since September 17, 2014. In light of Plaintiffs' failure to prosecute this action and comply with Court orders, on December 15, 2015, the Court issued an order to show cause and a notice of imminent dismissal to Plaintiffs warning that a failure to prosecute or comply with Court orders would result in a dismissal of this action with prejudice under Fed. R. Civ. P. 41(b). ECF 59. Plaintiffs were ordered to file a response to the order show cause by January 11, 2016. *Id*. To date, Plaintiffs have failed to respond and the Court hereby DISMISSES this action with prejudice under Fed. R. Civ. P. 41(b).

**I. BACKGROUND**

Plaintiffs, proceeding pro se, brought their Complaint in Monterrey Superior Court on October 24, 2013. Exh. A, ECF 1. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed the action to the Northern District of California on December 16, 2013. ECF 1. Thereafter, on December 23, 2013, Wells Fargo filed its Motion to Dismiss. ECF 12. Plaintiffs failed to timely respond, and filed a delinquent Opposition on May 23, 2014. ECF 24. The Court denied Wells Fargo's request to ignore Plaintiffs' Opposition, ECF 25, and granted Wells Fargo additional time

in which to substantively reply to Plaintiffs' Opposition. Wells Fargo filed its Reply on June 23, 2014. ECF 27. At oral argument on June 26, 2014, Wells Fargo informed the Court that it had reached a settlement with Plaintiffs and sought a continuance of the hearing for thirty days so the parties could file with the Court the necessary paperwork for settlement. ECF 29.

On July 29, 2014, Plaintiffs filed a notice of voluntary dismissal. ECF 37. On September 10, 2014, Plaintiffs filed an ex parte application for relief from the voluntary dismissal. ECF 38. Plaintiffs argued that the notice of voluntary dismissal was filed by the Eviction Defense Group, a company of non-attorney individuals acting as foreclosure specialists, in retaliation over a disagreement with Plaintiffs. ECF 39. Plaintiffs contended they did not realize the notice of voluntary dismissal was filed until August 14, 2014. ECF 39. As a result, on September 17, 2014, the Court granted Plaintiffs' ex parte application for relief and vacated the voluntary dismissal. ECF 45.

On August 20, 2015, Wells Fargo filed a motion to dismiss. ECF 54. Plaintiffs did not respond to the motion to dismiss or appear at the November 19, 2015 hearing on the motion to dismiss. ECF 57. On December 15, 2015, the Court granted Wells Fargo's motion to dismiss with leave to amend and ordered that any amended complaint must be filed by January 11, 2016. ECF 58. Since Plaintiffs have not taken any action in this case since September 17, 2014, the Court also issued an order to show cause by January 11, 2016 why this case should not be dismissed against all Defendants because of Plaintiffs' failure to prosecute or comply with Court orders. ECF 59. To date, Plaintiffs have not filed an amended complaint and have not responded to the order to show cause.

## II. LEGAL STANDARD

Fed. R. Civ. P. Rule 41(b) allows for the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The text of Rule 41(b) refers to a defense motion for dismissal, however, the Rule also permits a court to sua sponte dismiss an action for failure to prosecute or failure to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). A plaintiff's failure to take any action in response to a Court's prior dismissal with leave to amend under Rule 12(b)(6) is considered a failure to

2

comply with a court order, *Yourish v. Calif. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999), and a plaintiff's failure to serve Defendants is considered a failure to prosecute. *See Haynes v. Hanson*, Case No. 11-cv-05021-JST, 2013 WL 3922336, at *2 (N.D. Cal. July 26, 2013).

A dismissal pursuant to Rule 41(b) "'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, before imposing dismissal as a sanction, "the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish*, 191 F.3d at 990.

## III. DISCUSSION

Plaintiffs' unjustified failure to file a response to Wells Fargo's motion to dismiss, appear at the hearing, file an amended complaint or take any action in this case since September 17, 2014 qualifies as an unreasonable delay. *See Ryles v. Felker*, No. 2:07-cv-02753-RCT, 2010 WL 3035991, at *1-2 (E.D. Cal. Aug. 2, 2010); *Grewal v. Brown*, No. 98-0067-GEBDADPS, 1998 WL 919882, at *1-2 (E.D. Cal. Dec. 14, 1998).

Further, four out of the five *Henderson* factors strongly favor dismissal. In connection with the first factor, Plaintiffs' inaction has effectively stalled the case since 2014. Plaintiffs not only failed to file an amended complaint within the allotted time, but also failed to seek an extension of time to amend, or take any other action in response to the Court's order granting the motion to dismiss or the Court's order to show cause and notice of imminent dismissal. With respect to the second factor, Plaintiffs' conduct has interfered with the Court's need to manage its docket, because Plaintiffs has repeatedly ignored the Court's orders by not filing an amended complaint within the time allotted, and by not responding to the order to show cause and notice of imminent dismissal. As to the third factor, failure to dismiss this action would prejudice Defendants who are entitled to a resolution of Plaintiffs' claims after demonstrating that those claims lack merit. The fourth factor—the public policy favoring disposition of cases on their merits—does not favor dismissing the action. Finally, as to the fifth factor, the Court sees little

3

point to imposing less severe sanctions because Plaintiffs have shown no interest in complying with this Court's orders or in prosecuting this action. Plaintiffs have not taken any action since September 17, 2014. Plaintiffs did not respond to Wells Fargo's motion to dismiss, appear at the hearing, file an amended complaint, or respond to the order to show cause and notice of imminent dismissal. The Court's order to show cause expressly warned Plaintiffs about the potential for imminent dismissal under Rule 41(b) and Plaintiffs did not respond. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## IV. ORDER

Accordingly, the record supports dismissal with prejudice pursuant to Rule 41(b) and the Court hereby DISMISSES all claims against Defendants WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: January 13, 2016

_____
BETH LABSON FREEMAN
United States District Judge